IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TRACY WHITAKER**<br>            Petitioner,<br><br>        v.<br><br>**SUPERINTENDENT**<br>**THOMAS McGINLEY, et al.,**<br>            Respondents. | **CIVIL ACTION 21-5019** |

# ORDER

On June 8, 1992, Petitioner Tracy Whitaker was sentenced to a minimum of six months and a maximum of one day less than two years after pleading guilty to simple assault, receiving stolen property, and unauthorized use of a motor vehicle. While on parole from that sentence, he committed a murder and was sentenced to 99 years. As this was a violation of his parole, on February 9, 1995, he was resentenced to six years and 68 days, to run consecutively to the 99-year sentence for his murder conviction.

On October 24, 2021—nearly three decades later—Mr. Whitaker filed a *pro se* habeas petition under 28 U.S.C. § 2254 in the stolen property case, his original charge. This is the first time Mr. Whitaker has filed a habeas petition in the stolen property case. He argues that he is incarcerated unconstitutionally in violation of his Fourteenth Amendment rights because the Pennsylvania Constitution was never properly ratified.[1]

Magistrate Judge David R. Strawbridge issued a Report & Recommendation ("R&R") recommending that the petition be dismissed with prejudice because Mr. Whitaker's petition was

---

[1] Revised Pet. at 10 [Doc. No. 6].

untimely.[2] Petitioner filed a first Traverse Response, which the Court accepted as opposition to the R&R.[3] As part of its review of Mr. Whitaker's claims, the Court requested the original state court record.[4]

Since it is clear on the face of the petition, from a review of the original state court record, and upon consideration of Mr. Whitaker's objection to the R&R that Mr. Whitaker cannot obtain habeas relief, the Court does not require an answer from Respondents.[5] The Court agrees with the R&R and will dismiss Mr. Whitaker's petition as untimely.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for the filing of an application for writ of habeas corpus. As the R&R explains, the statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.[6]

---

[2] *See* R&R at 10-11 [Doc. No. 8].
[3] Pet'r's Traverse Resp. [Doc. No. 9].
[4] *See* Doc. Nos. 15, 16.
[5] 28 U.S.C. § 2243.
[6] 28 U.S.C. § 2244(d).

The Court must first determine which subsection of § 2244(d) determines the start of the statute of limitations here. Sections 2244(d)(1)(B) and (C) do apply to Mr. Whitaker's case. Mr. Whitaker urges that under § 2244(d)(1)(D), his petition is timely, because he discovered "new information" on July 9 and August 12, 2020.[7] Mr. Whitaker objected to the R&R on this basis, arguing that he presented "newly discovered information" related to the validity of the ratification of the Pennsylvania Constitution that should allow his claims to proceed.[8] Information regarding the ratification of the Pennsylvania Constitution from the Eighteenth Century is not "newly discovered information" that would provide a later limitation date under § 2244(d)(1)(D).[9]

Section 2244(d)(1)(A) is the only subsection applicable to Mr. Whitaker's petition. Thus, the limitation period runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." However, because Mr. Whitaker was resentenced following a violation of his parole, the date on which judgment became final, and his rights arising therefrom, are subject to two different time limits.[10] As to an original guilty plea and matters stemming from the original conviction, Defendant's rights are measured from the date of original judgment of sentence.[11] Challenges to the validity of the parole revocation and resentencing must be filed within one year of the proceeding, or 30 days following final judgment of sentence.[12] It appears Mr. Whitaker's habeas petition is not specific to his resentencing, which would mean that the limitation period began to run from the date of the original judgment of sentence. However, both Mr. Whitaker's original sentencing and resentencing occurred before AEDPA took effect. Because AEDPA did not take effect until April 24, 1996, Mr. Whitaker's petition would have had to be filed

---

[7] Revised Pet. at 17 [Doc. No. 6].
[8] Pet'r's Traverse Resp. at 2 [Doc. No. 9].
[9] *See* R&R at 7 [Doc. No. 8].
[10] *Pennsylvania v. Anderson*, 788 A.2d 1019, 1021-22 (Pa. Super. 2001).
[11] *Id.* at 1022.
[12] *Id.*; *see also Pennsylvania v. Capello*, 823 A.2d 936, 940 (Pa. Super. 2003).

at the absolute latest by April 24, 1997. However, Mr. Whitaker's petition was not filed until November 30, 2021—more than 24 years after the statute of limitations expired—and is therefore untimely.[13]

Mr. Whitaker's claims are also not subject to tolling under AEDPA. Section 2244(d)(2) tolls the one-year statute of limitations while a petitioner's properly filed state post-conviction or other collateral review is pending. As discussed above, Mr. Whitaker's claims are not specific to his violation of parole and resentencing. Thus, he would have had to have filed a Post-Conviction Relief Act ("PCRA") petition by July 8, 1993, a year after his original conviction became final, to toll the statute of limitations. But Mr. Whitaker did not seek PCRA review for this conviction until 2017, over twenty years later.

Finally, Mr. Whitaker has not put forward any evidence of actual innocence. "[A] procedural bar [like] the statute of limitations" can be overcome to prevent the miscarriage of justice if the petitioner could establish "actual innocence" based on new evidence not presented at trial.[14] Since Mr. Whitaker has failed to provide proof that he did not engage in the conduct constituting simple assault and receipt of stolen property for which he pled guilty and was convicted, his untimely petition cannot proceed on this basis.[15]

On January 8, 2025, Mr. Whitaker filed a second Traverse Response.[16] This Traverse Response is untimely under Federal Rule of Civil Procedure 72(b)(2), but nonetheless presents no new information not presented in Mr. Whitaker's petition or first set of objections to the R&R.

Mr. Whitaker's petition is untimely, and he has presented no meritorious reason for allowing his petition to proceed despite being filed 24 years too late.

---

[13] *See* R&R at 10 [Doc. No. 8].
[14] *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2019).
[15] *See* R&R at 9-10 [Doc. No. 8].
[16] Pet'r's Second Traverse Resp. [Doc. No. 17].

**AND NOW,** this 3rd day of February 2025, upon careful and independent consideration of the Petition for Writ of Habeas Corpus and the related filings, and upon review of the R&R and Petitioner's objections thereto, it is hereby **ORDERED** that the R&R [Doc. No. 8] is **APPROVED** and **ADOPTED**.

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe

**CYNTHIA M. RUFE, J.**
